UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POPA PETRE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TILISHA T. MARTIN,<br><br>　　　　　　　　　Defendant. | Case No.: 19-cv-1454-CAB-BGS<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT** |

On August 2, 2019, Plaintiff, a non-prisoner, filed a complaint alleging violations of 42 U.S.C. § 1983. [Doc. No. 1.] The Court reviews Plaintiff's complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed *in forma pauperis* ("IFP"). Under this mandatory screening, the Court finds that Plaintiff's complaint does not sufficiently state a claim for relief. Thus, the Court GRANTS Plaintiff's IFP motion, [Doc. No. 3], DENIES Plaintiff's motion to appoint counsel, [Doc. No. 2], and DISMISSES Plaintiff's complaint with prejudice.

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff

1

is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ LR 3.2.a.

Here, Plaintiff's application demonstrates that Plaintiff lacks the financial resources to pay the filing fees and still afford the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also* 28 U.S.C. § 1915(a). Accordingly, the Court **GRANTS** Plaintiff's IFP motion.

Notwithstanding the foregoing, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and sua sponte review and dismissal should the Court determine, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

2

19-cv-1454-CAB-BGS

action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotation omitted).

## II. MOTION TO APPOINT COUNSEL

In addition to Plaintiff's motion to proceed IFP, Plaintiff also filed a motion to appoint counsel. [Doc. No. 2.] Generally, a plaintiff in a civil case has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F.Supp. 550, 552 (S.D. Cal. 1993).

Additionally, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires a finding of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilson v. Esalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate the petitioner's (1) likelihood of success on the merits, and (2) ability to articulate his claims pro se. *Id*. "Neither of these issues is dispositive and both must be viewed before reaching a decision." *Id*.

Although Plaintiff has established his indigence by successfully obtaining *in forma pauperis* status, appointing counsel to represent Plaintiff would be inappropriate because he failed to show that exceptional circumstances necessitate appointment of counsel to represent him in this matter. Plaintiff offers no evidence to substantiate his claims to evaluate the likelihood of success on their merits, nor does he offer any explanation regarding the complexity of his action that prevents him from articulating his claims *pro se*. Accordingly, Plaintiff's request for appointment of counsel is **DENIED**.

### III. PLAINTIFF'S ALLEGATIONS

According to the Complaint, Plaintiff Popa Petre brings this action against Defendant Judge Tilisha T. Martin of the San Diego County Superior Court. Plaintiff alleges Judge Martin deprived Plaintiff of his liberty without due process of law "when he hesitated to enter the court's enclosure, willing to ask the judge in this matter if the prior history from the same courtroom will be repeated as previously," referring to some previous state court orders. [Doc. No. 1 at 2.] The complaint further alleges other issues relating to proceedings held in state court before Judge Martin. Plaintiff alleges "Judge Martin dispossessed Mr. Popa of his rights in a more sophisticated manner, she left the courtroom in probably less than two seconds," and "Mr. Popa's right to express his grievance against the methodology used previously in the same courtroom, was suddenly interrupted by Judge Martin's leaving her chairs [sic]." [*Id*.] According to Plaintiff, "Yelling hysterically to someone in a public place (in Court) is a federal offense" and "Mr. Popa expressed his personal freedom of expression guaranteed by Amendment No. 1 of US Constitution." [*Id*. at 3.] According to Plaintiff, these actions violated certain protections assured to him by the "First, Fifth, Eighth, Ninth(?) [sic] and Fourteenth Amendment of the Federal Constitution, by the defendant under color of law in her capacity as a judge in the Superior Court of California." [*Id*. at 1.]

### IV. 42 U.S.C. § 1983

The Complaint purports to assert a federal statutory claim under 42 U.S.C. § 1983. The factual allegations, however, do not support a plausible claim under the statute. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

Here, Plaintiff does not specify what rights he is referring to or the circumstances surrounding the purported deprivation of these rights. Plaintiff's vague assertions are

insufficient to put Defendant on notice of the claims against her, as required by Rule 8 of the Federal Rules of Civil Procedure. All allegations in the complaint are vague, conclusory, or both. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) ("Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief.") Plaintiff alleges a § 1983 violation against Defendant, citing that his rights under the First, Fifth, Eighth, Ninth and Fourteenth Amendments were violated, but Plaintiff fails to allege any facts that support his claims or any cognizable legal theory. Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted.

## V. ABSOLUTE JUDICIAL IMMUNITY

The Court also finds Plaintiff's claims are legally frivolous because Defendant possesses absolute judicial immunity. Plaintiff seeks injunctive relief and damages against Defendant in relation to previous state court proceedings. Judges are absolutely immune from damage liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). Judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356. "[A] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction." *Id*. at 356-37; *see also Forrester*, 484 U.S. at 227 (a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive"); *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Furthermore, the Ninth Circuit has ruled that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). Here, the Court finds Plaintiff's request is brought against Defendant in her judicial capacity. There is also no indication that a declaratory decree was violated or

5

19-cv-1454-CAB-BGS

declaratory relief is unavailable. Accordingly, the Court finds Defendant is immune from suit.

## VI. CONCLUSION

Plaintiff's allegations are unintelligible, mostly conclusory, and fail to state a claim that is plausible. In addition, it appears that Plaintiff is attempting to appeal from some previous state court orders in relation to proceedings held before Judge Martin. Plaintiff cannot appeal such orders and proceedings by way of this federal lawsuit. For the foregoing reasons, it is hereby ordered that Plaintiff's Motion to Proceed IFP is **GRANTED,** Plaintiff's Motion to Appoint Counsel is **DENIED**, and the Complaint is **DISMISSED with prejudice** for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Therefore, leave to amend this action is denied. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend").

It is **SO ORDERED**.

Dated: August 6, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge